IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JONATHAN MARSHALL, SR. | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-87-CR-086-L |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jonathan Marshall, Sr., a federal prisoner, has filed an application for writ of error *coram nobis*. For the reasons stated herein, the application should be denied.

I.

In 1987, petitioner was convicted by a federal jury in the Northern District of Texas of aiding and abetting in the preparation of false income tax returns. Punishment was assessed at 15 years confinement. After serving more than five years of his sentence, petitioner was released to parole on May 11, 1992. His sentence was terminated by the United States Parole Commission on June 14, 1994. Following the termination of his federal sentence, petitioner was jailed for six years on a state civil contempt charge for failing to pay child support, and was convicted by a federal jury in the Western District of Texas of corrupt interference with Internal Revenue laws and 39 counts of filing false income tax returns or aiding and assisting in filing false returns. Petitioner is currently serving a 216-month prison sentence on his most recent federal tax conviction.

As best the court can decipher petitioner's prolix pleading, which totals 559 pages, he attempts to challenge his 1987 federal conviction on the grounds of "Innocence, Compliance,

Entrapment, Lack of Defense Funds/Witnesses, Retaliation, and Discriminatory Misconduct[.]" (*See* Pet. App. at 2). Petitioner also appears to attack his imprisonment on state civil contempt charges and his current incarceration on federal tax charges.[1]

## II.

The extraordinary remedy of *coram nobis* may be appropriate when a petitioner is no longer in custody, but "can demonstrate that he is suffering civil disabilities as a consequence of the criminal convictions and that the challenged error is of sufficient magnitude to justify the extraordinary relief." *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994), *quoting United States v. Marcello*, 876 F.2d 1147, 1154 (5th Cir. 1989); *see also United States v. Smith*, 331 U.S. 469, 475 n.4, 67 S.Ct. 1330, 1334 n.4, 91 L.Ed. 1610 (1947) ("[I]t is difficult to conceive of a situation in a federal criminal case today where [a writ of error *coram nobis*] would be necessary or appropriate."). The writ "will issue only when no other remedy is available and when sound reasons exist [ ] for failure to seek appropriate earlier relief." *United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004), *quoting United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998) (internal quotations omitted). In order to establish his entitlement to a writ of error *coram nobis*, petitioner must justify the failure to assert his claims in a timely section 2255 motion. *Id.* He then must show that *coram nobis* relief is necessary to correct errors "which result in a complete miscarriage of justice." *Castro*, 26 F.3d at 559, *quoting United States v. Morgan*, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954).

Although petitioner is no longer in custody on his 1987 federal conviction, he has failed to satisfy either prong of the test for a writ of error *coram nobis*. First, petitioner does not explain,

---

[1] One of the attachments to the application for writ of error *coram nobis* is a copy of a motion to reduce sentence filed by petitioner in the Western District of Texas. A magistrate judge in that district has recommended that the motion be denied. *United States v. Marshall*, No. 1-06-CR-0067-LY (W.D. Tex. Jun. 1, 2010).

much less prove, why he neglected to present his claims in a timely section 2255 motion. Second, petitioner has failed to show that *coram nobis* is necessary to remedy "a complete miscarriage of justice." Instead, petitioner alleges in a conclusory fashion that his 1987 conviction was improper. "[C]onclusory arguments, which are not supported by any record evidence, do not establish the exceptional circumstances warranting *coram nobis* relief." *Beadles v. United States*, 95 Fed.Appx. 549, 2004 WL 848283 at *1 (5th Cir. Apr. 21, 2004), *citing Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996).[2]

## RECOMMENDATION

Petitioner's application for writ of error *coram nobis* should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[2] To the extent petitioner seeks *coram nobis* relief with respect to his state civil contempt conviction and his federal tax conviction in the Western District of Texas, his application must be dismissed. "[A] federal court which did not impose the sentence has no jurisdiction to issue a writ of error coram nobis[.]" *Williams v. 363rd Judicial Dist. Court*, No. 3-03-CV-0900-D, 2003 WL 21394575 at *3 (N.D. Tex. May 22, 2003), *rec. adopted*, 2003 WL 21445314 (N.D. Tex. Jun. 17, 2003), *quoting Sinclair v. State of Louisiana*, 679 F.2d 513, 515 (5th Cir. 1982).

DATED: June 4, 2010.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE